UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON ROBERTS,

        Plaintiff,

    v.                                                                  Case No. 21-C-371

JACK L. MARCUS COMPANY,
BETTY,
RICHARD RODERICK,
WILLIAM BOHER, and
FRANK BISHOP,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Brandon Roberts is a prisoner confined at North Branch Correctional Institution who is representing himself in this 42 U.S.C. §1983 case. On March 25, 2021, the clerk's office mailed Roberts a letter informing him that, within twenty-one days, he had to pay the $402 filing fee *or* file a motion for leave to proceed without prepaying the filing fee along with a copy of his institutional trust account statement for the past six months. Dkt. No. 2. The letter warned Roberts that "[f]ailure to comply with this requirement may result in the Court's dismissal of your case." *Id.* (emphasis in original).

A few weeks later, Roberts filed a motion for leave to proceed without prepaying the filing fee, Dkt. No. 3, but he did not file a copy of his trust account statement nor did he inform the Court of any challenges he was facing in procuring his trust account statement. More than a month has passed since the clerk's office informed Roberts of his requirement to provide a copy of his trust account statement and warned him of the consequence for failing to do so. His failure to comply

with that requirement warrants dismissal of his case. Accordingly, the Court will dismiss his case without prejudice, which means he can refile his case subject to the relevant statute of limitations. Alternatively, Roberts may file a motion to reopen the case within twenty-one days, explaining why the Court should excuse his failure to timely provide a copy of his trust account statement. The Court must receive the trust account statement or Roberts must explain why he is unable to provide it before the Court will consider a motion to reopen the case.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Roberts must pay the $350 statutory filing fee. Accordingly, the agency having custody of Roberts shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Roberts is transferred to another institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Roberts is located.

Dated at Green Bay, Wisconsin this 30th day of April, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.